# UNITED STATES DISTRICT COURT
## for the

Western    District of    North Carolina

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No:    5:16-cr-64-KDB-SCR-1 |
| Uvaldo Gonzalez-Valdez | ) |
| | ) USM No:    33141-058 |
| Date of Original Judgment:    07/17/2017 | ) |
| Date of Previous Amended Judgment: | ) Matthew Rothbeind |
| *(Use Date of Last Amended Judgment if Any)* | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of    ☒ the defendant    ☐ the Director of the Bureau of Prisons    ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:

☒ DENIED.    ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated    07/17/2017    shall remain in effect.

**IT IS SO ORDERED**.

Signed: February 5, 2024

Kenneth D. Bell
United States District Judge

Effective Date: _____        Kenneth D. Bell
*(if different from order date)*        *Printed name and title*

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)     Page 2 of 2 (Page 2 Not for Public Disclosure)

**This page contains information that should not be filed in court unless under seal.**
*(Not for Public Disclosure)*

DEFENDANT:  Uvaldo Gonzalez-Valdez
CASE NUMBER:  5:16-cr-64-KDB-SCR-1
DISTRICT:  Western District of North Carolina

## I.  COURT DETERMINATION OF GUIDELINE RANGE *(Prior to Any Departures)*

Previous Total Offense Level: _____          Amended Total Offense Level: _____
Criminal History Category: _____              Criminal History Category: _____
Previous Guideline Range: _____ to _____ months  Amended Guideline Range: _____ to _____ months

## II.  SENTENCE RELATIVE TO THE AMENDED GUIDELINE RANGE

☐ The reduced sentence is within the amended guideline range.
☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a substantial assistance departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
☐ The reduced sentence is above the amended guideline range.

## III.  FACTORS CONSIDERED UNDER USSG § 1B1.10 AND 18 U.S.C. § 3553(a) *(See Chavez-Meza v. United States, 138 S.Ct. 1959 (2018))*

The amendments to U.S.S.G, §4A1.1 and §4C1.1 in Amendment 821 do not change Defendant's criminal history points or criminal history category as Defendant did not have any "status points" as his offense was not committed while he was under a criminal sentence. (Doc. No.22, ¶¶ 28-29).  Although Defendant was a zero-point offender, he does not qualify to receive a two-level reduction in his offense level because he does not satisfy §4C1.1(a)(7) because he possessed a firearm. (Doc. No. 22, ¶¶ 8, 16).

Case 5:16-cr-00064-KDB-SCR   Document 41   Filed 02/05/24   Page 2 of 2